UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                 CASE NO. 11-CR-20401-2
v.                            HONORABLE GEORGE CARAM STEEH

WILFRIDO VALDEZ-LOPEZ,

       Defendant.
_____/

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR REDUCTION OF SENTENCE (DOC. #54)

On June 4, 2015, the court denied defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines. (Doc. #53). Now before the court is petitioner's second motion for reduction of sentence. (Doc. #54). The court construes petitioner's motion as a motion for reconsideration. For the reasons that follow, the motion will be denied.

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Defendant filed the current motion over three months after the court entered its order denying his initial request for a reduction in sentence. The current motion seeking reconsideration is untimely.

In addition to being untimely, defendant's motion must be denied on the merits. The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich.

-2-

LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001).

Defendant has not pointed to a palpable defect in the court's order. Defendant is not eligible for a reduction in sentence. Defendant was convicted on Count I of the Indictment, which charged Possession With Intent to Distribute Heroin. He was sentenced to a mandatory minimum custodial sentence of ten years, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(I). Defendant is not eligible for a reduction in sentence because the minimum term of imprisonment on Count I remains ten years. *See* 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(I).

Accordingly, defendant's second motion for reduction of sentence (Doc. #54) is DENIED.

IT IS SO ORDERED.

Dated: September 30, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 30, 2015, by electronic and/or ordinary mail and also on Wilfrido Valdez-Lopez, #45906-039, Reeves I & II Correctional Institution, P.O. Box 1560, Pecos, TX  79772.

s/Barbara Radke
Deputy Clerk

-2-